Danny JACKSON, Appellant,

v.

John W. GORE, Joanne C. Essex, and Goex, Inc., all d/b/a Claude & Annie's, Appellees.

No. 06A01–9309–CV–286.

Court of Appeals of Indiana, First District.

April 26, 1994.

Robert W. Strohmeyer, Jr., Mitchell Hurst Jacobs & Dick, Indianapolis, for appellant.

Kevin C. Schiferl, Katherine Coble Dassow, Locke Reynolds Boyd & Weisell, Indianapolis, for appellees.

ROBERTSON, Judge.

Danny Jackson appeals the summary judgment entered against him in his Dram Shop Act lawsuit against John W. Gore, Joanne C. Essex, and Goex, Inc., all d/b/a Claude & Annie's [Claude & Annie's]. The sole issue raised on appeal requires that we reverse. Restated, it is:

Whether there was a genuine issue of material fact regarding whether the waitress at Claude & Annie's who served Nathan Brower ten beers had actual knowledge of his intoxication?

## FACTS

The designated facts in the light most favorable to nonmovant Jackson reveal that Nathan Brower, who at that time in his life got drunk every night, was drinking beer and playing pool at Claude & Annie's from approximately 7:30 p.m. on December 11, 1989, until approximately 12:30 a.m. on December 12, 1989. Brower had three beers before arriving at Claude and Annie's. Once there, he consumed a beer approximately every fifteen minutes. He estimates he may have had ten beers at Claude & Annie's, all of which had been served by one waitress who never kept Brower waiting. Brower and his companion paid the waitress after every round. Brower believes he was visibly intoxicated. Brower did not drink any alcohol after leaving Claude & Annie's in his automobile.

Danny Jackson's van had run out of gas early that morning; he and his friend had pushed it off the road. Jackson attempted to flag Brower down to request assistance. Brower's car swerved off the road and struck Jackson, causing him serious bodily injuries. Jackson's body was essentially split down the middle as his body was wedged between Brower's car and the edge of the door of Jackson's van. Jackson's rectum was torn in two, his pelvis was split, and a major artery was severed. Jackson suffered several facial fractures including a broken jaw. His arm also was broken. Jackson has endured multiple surgeries including a colostomy. He was still receiving treatment for his injuries three and one-half years after the accident.

The officer who investigated the accident observed that Brower had smelled of alcohol, had blood-shot eyes, slurred speech, and unsteady balance. Brower was administered a breathalyzer test that reported his blood alcohol content as .21%, over twice the legal limit. Brower was ultimately convicted of

Operating While Intoxicated Resulting in Serious Bodily Injury.

The affidavit of Joseph E. Zabik, Ph.D. (Pharmacology), provided the expert opinion that for Brower's BAC to have reached the level it did, under the circumstances given, he would have had to have consumed ten to thirteen beers over the relevant period of time. The affidavit stated that Brower's BAC would have been in the range of .18 and .21 between 11:30 and 12:30, the last hour Brower had been at the bar, on the night in question. During this time Zablik opined that Brower would have exhibited slurred speech, clumsiness, impairment of manual dexterity, and impairment of coordination. He would sway when he walked. Brower would have been visibly intoxicated to anyone who observed him. Finally, Zablik's affidavit stated that Brower's driving ability would have been impaired at his level of intoxication.

## DECISION

Initially, we must set out the well-settled standard for summary judgment. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Liberty Mutual Insurance Co. v. Metzler* (1992), Ind., 586 N.E.2d 897, *trans. denied.* Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on a dispositive issue. *Scott v. Bodor, Inc.* (1991), Ind.App., 571 N.E.2d 313. Summary judgment is appropriate when there is no dispute or conflict regarding facts which are dispositive of the dispute. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279.

Summary judgment is appropriate if the designated evidentiary material shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Rosi v.*

*Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431. Indiana Trial Rule 56(C) expressly requires the non-moving party to identify specifically the parts of the pleadings, depositions, answers to interrogatories, and admissions on which he relies to withstand summary judgment. *Id.* The appellate court is prohibited from reversing an order of summary judgment on the ground that there is a genuine issue of material fact unless the material facts and relevant evidence were specifically designated to the trial court. *Id.*

On appeal from a summary judgment, the appellate court faces the same issues that the trial court did and analyzes the issues in the same way as a trial court does. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189. However, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous. *Id.*

Summary judgment is inappropriate where the information before the court reveals a good faith dispute as to the inferences to be drawn from the evidence. *Richter v. Klink Trucking, Inc.* (1992), Ind.App., 599 N.E.2d 223, *trans. denied.* Mere improbability of recovery at trial does not justify summary judgment against a plaintiff. *Id.* Summary judgment must be denied if the resolution thereof hinges upon a state of mind, credibility of witnesses, or weight of testimony. *Id.*

Sellers of alcoholic beverages may be held liable for injuries inflicted by an intoxicated person as a result of his intoxication where such result is reasonably foreseeable and the sale of the intoxicant is in violation of law. *Elsperman v. Plump* (1983), Ind.App., 446 N.E.2d 1027. In light of the widespread use of automobiles and the increasing frequency of accidents involving drunk drivers, the consequences of serving liquor to an intoxicated person, whom the server knows or could have known was driving a car, is reasonably foreseeable. *Id.*

Under Indiana's Dram Shop Act, Ind.Code 7.1–5–10–15.5, in order to hold a provider of alcoholic beverages liable in a civil action for damages caused by the impairment or inebriation of a person who was served alcoholic beverages, the plaintiff must prove the provider's actual knowledge of the intoxication of the person being served. *Muex v. Hindel Bowling Lanes, Inc.* (1992), Ind.App., 596 N.E.2d 263. Whether the provider has the requisite actual knowledge is judged by a subjective standard and the trier of fact may make reasonable inferences based on the facts and surrounding circumstances. *Id.* Actual knowledge of intoxication is required; constructive knowledge will not suffice. *Gariup Construction Co. v. Foster* (1988), Ind., 519 N.E.2d 1224. Absent an admission, a person's state of mind must be inferred from circumstantial evidence. *See generally, Metzler v. State* (1989), Ind., 540 N.E.2d 606. Actual knowledge may, of course, be inferred from facts reasonably supporting an inference of knowledge. *Kinkade v. State* (1989), Ind.App., 537 N.E.2d 541, n 9.

In the present case, the trial court entered findings in conjunction with its grant of summary judgment to the effect that although Jackson presented evidence that Brower was visibly intoxicated when he was served alcohol, Jackson failed to present any evidence that the waitress who served Brower had actual knowledge of Brower's intoxication. In its brief, Claude & Annie's states:

> Importantly, here the trial court correctly noted the distinction between indirect or circumstantial evidence of *visible intoxication* as opposed to indirect or circumstantial evidence of *actual knowledge of visible intoxication.* ... Throughout his brief, Jackson disregards this distinction, ...

Appellee's brief p. 25 (Emphasis in original). To use a word coined by a distinguished jurist from our court, this argument amounts to mere "sophistry." *Tyson v. State* (1993), Ind.App., 619 N.E.2d 276, 307 (Dissenting opinion of Sullivan J.), *trans. denied., cert.* *den.,* —— U.S. ——, 114 S.Ct. 1216, 127 L.Ed.2d 562.

During the period in which Brower was visibly and obviously intoxicated, Claude & Annie's waitress personally served Brower a large number of beers and collected money from Brower and his companion after every round of beer served. Quite simply, a jury could reasonably infer that the waitress, who had ample opportunity to observe Brower during a period in which he was visibly and obviously intoxicated, had actual knowledge of Brower's intoxication. As such, the entry of summary judgment in Claude & Annie's favor was erroneous.

Judgment reversed.

BAKER and HOFFMAN, JJ., concur.