Clayton **BUFFINGTON**, Jr., as Executor of the Estate of Mary Ellen Buffington, and Clayton Buffington, Jr., Plaintiff,

v.

Donnie **METCALF**, Robert J. Kuntz, d/b/a Village Bar and Restaurant, and Robert Metcalf, Defendants.

No. IP 93–839–C.

United States District Court, S.D. Indiana, Indianapolis Division.

July 18, 1994.

---

Thomas R. Koustmer, Theodore J. Froncek, Cincinnati, OH.

M. Joseph Kisor, Lawrenceburg, IN.

Keith A. Kinney, Hill Fulwider McDowell Funk & Matthews, P.C., Indianapolis, IN.

Kevin W. Ault, Rushville, IN.

Mark J. Roberts, Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, IN.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on the motion for summary judgment of defendant Robert J. Kuntz d/b/a Village Bar and Restaurant. For the reasons stated below, the motion is denied.[1]

### I. Background

This diversity action brought by Clayton Buffington, Jr. ("Buffington") in his individual capacity and as executor of the Estate of Mary Buffington, his late wife, seeks damages allegedly resulting from an automobile accident in Metamora, Indiana, in October, 1992. Pedestrian Mary Buffington was allegedly struck by an automobile driven by defendant Donnie Metcalf, who was allegedly under the influence of alcohol at the time. Buffington seeks damages from Donnie Metcalf, Roger Metcalf, and one bar where Buffington alleges that Donnie Metcalf was served alcohol on the day of the accident, Robert J. Kuntz, d/b/a Village Bar and Restaurant ("Kuntz").

Buffington's Complaint includes three causes of action against Kuntz, the sixth, seventh, and eighth causes of action in the

---

1. Defendant Robert J. Kuntz d/b/a Village Bar and Restaurant ("Kuntz") also has two related motions pending before the Court. First, Kuntz has requested that the Court order plaintiff to file certain original depositions with the Court. However, since plaintiff filed the requested depositions on May 23, 1994, Kuntz' request is denied as moot. Second, Kuntz has filed a motion to strike Theodore J. Froncek's affidavit and its attachments, which all were filed in opposition to Kuntz' motion for summary judgment. Since all of the concerns and objections made by Kuntz in the motion to strike are addressed and resolved in the affidavit of Joyce Kays filed June 13, 1994, Kuntz' motion to strike is denied as moot.

complaint. The sixth cause of action alleges that Kuntz was negligent per se by serving Donnie Metcalf ("Metcalf") alcohol in violation of Ind.Code § 7.1–5–10–14 ("Sales to Habitual Drunkards Prohibited"). The seventh cause of action alleges that Kuntz was negligent per se by serving Metcalf alcohol in violation of Ind.Code § 7.1–5–10–15 ("Sales to Intoxicated Person Prohibited"). The eighth cause of action alleges that Kuntz furnished intoxicating beverages to Metcalf with actual knowledge of his visible intoxication and Metcalf's intoxication was a direct and proximate cause of the injuries and damages alleged in the Complaint.

## II. Discussion

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). While the burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case", *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the nonmoving party responding to a properly made and supported summary judgment motion still must set forth facts showing that there is a genuine issue of material fact and that a reasonable jury could return a verdict in its favor. *See Wolf v. City of Fitchburg*, 870 F.2d 1327, 1329 (7th Cir. 1989); *Posey v. Skyline Corp.*, 702 F.2d 102,

105 (7th Cir.1983), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336.

The moving party is 'entitled to a judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552. If doubts remain, however, as to the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment denied. *See Wolf*, 870 F.2d at 1330.

Under Indiana law, in order for a person who furnishes alcoholic beverages to be civilly liable for damages caused by the intoxication of the person to whom the beverages were furnished, the plaintiff must prove that:

1. The person furnishing the alcoholic beverage had actual knowledge that the person to whom the alcoholic beverage was furnished was visibly intoxicated at the time the alcoholic beverage was furnished; and

2. The intoxication of the person to whom the alcoholic beverage was furnished was a proximate cause of the death, injury, or damage alleged in the complaint.

Ind.Code § 7.1–5–10–15.5(b).[2] Kuntz contends that he is entitled to summary judgment because, he argues, plaintiff has failed to establish that the waitress who served alcohol to Metcalf at Village Bar and Restaurant ("VBR") had actual knowledge of Metcalf's visible intoxication at the time she served him. Thus, Kuntz argues, there is no genuine issue of material fact and Kuntz is entitled to summary judgment as a matter of law.[3] In support of his position, Kuntz offers

---

**2.** The full text of Ind.Code § 7.1–5–10–15.5 provides:

(a) As used in this section, "furnish" includes barter, deliver, sell, exchange, provide, or give away.

(b) A person who furnishes an alcoholic beverage to a person is not liable in a civil action for damages caused by the impairment or intoxication of the person who was furnished the alcoholic beverage unless:

(1) The person furnishing the alcoholic beverage had actual knowledge that the person to whom the alcoholic beverage was furnished

was visibly intoxicated at the time the alcoholic beverage was furnished; and

(2) The intoxication of the person to whom the alcoholic beverage was furnished was a proximate cause of the death, injury, or damage alleged in the complaint.

**3.** Kuntz also contends that he is entitled to summary judgment based upon the arguments he asserted in his memorandum in support of his affirmative defenses. Those arguments were addressed in the Court's entry dated June 27, 1994, and for the reasons stated in that entry, summary

the deposition testimony of Theresa Cavins, Kuntz' employee who served Metcalf on the day in question, in which she states that she noticed nothing unusual about Metcalf while he was drinking at VBR; in particular, Cavins states that she noticed no bloodshot eyes, no smell of alcohol, and no slurring of words. Kuntz also offers his own deposition in which he testifies that he does not even recall Metcalf drinking anything while Kuntz was at VBR.

▮ The provider's knowledge is an issue of fact. *Muex v. Hindel Bowling Lanes, Inc.*, 596 N.E.2d 263, 266 (Ind.App.1992). In order to survive summary judgment, plaintiff must provide some evidence that could reasonably support an inference that the provider had actual knowledge that the person in question was intoxicated. *Id.*

> [T]he trier of fact may make reasonable inferences based on the facts and surrounding circumstances, such as the recipient's behavior at the time, the amount and type of alcoholic beverage served, and the recipient's condition shortly after leaving the provider's establishment.

*Id.* (citations omitted). If the plaintiff has met this burden, testimony from the provider that he or she did not have actual knowledge of the person in question's visible intoxication merely creates an issue of fact. *Jackson v. Gore*, 634 N.E.2d 503, 506 (Ind.App.1994). Summary judgment in such a case is not appropriate. *Id.*

▮ In the instant case, plaintiff has provided evidence that could reasonably support an inference that the provider had actual knowledge that Metcalf was visibly intoxicated.[4] According to the testimony of David Marshall, Metcalf's "drinking buddy" on the day in question, Metcalf had ingested over a dozen alcoholic beverages (both beer and vodka) before Marshall and Metcalf entered VBR at around 5:00 p.m. The provider at VBR, Theresa Cavins, by her own testimony, had already served Metcalf two vodka drinks two hours earlier, when Metcalf had only been at VBR for about thirty minutes, between 3:00 p.m. and 3:30 p.m.

Cavins contends that on Metcalf's second visit to VBR that day he arrived around 5:00 p.m. and stayed until about 6:00 p.m. She states that Metcalf exhibited no signs of visible intoxication, and that she served him only one vodka drink and some food. Yet, Marshall testified that Metcalf was intoxicated by the second time they left VBR. Marshall was apparently aided in this determination by his recollection that a "guy from work" even offered to give Marshall and Metcalf a ride home.

Several people have testified as to the signs of visible intoxication Metcalf exhibited within a half hour of leaving VBR. Shortly before 6:30 p.m. Metcalf was driving to the local grocery store. A family driving behind Metcalf saw his truck swerve as he drove down the road and they thought he was going to hit parked cars or people. By 6:30 p.m. Metcalf had arrived at the local grocery store and was attempting to buy beer; however, he was staggering down the store aisles and did not appear able to locate or pick up the case of beer. Although the cashier knew him from high school he did not seem to recognize her at all. The cashier testified that Metcalf "couldn't have walked a straight line" and "[she] felt like he was beyond drunk." Based on Metcalf's visible signs of intoxication, the grocery store refused to sell him the beer. The grocery store manager testified that he had been in the grocery business for over thirty years and Metcalf was the only person he could recall having to refuse to sell alcohol to based on intoxication.

Another grocery store employee testified that when Metcalf attempted to leave the grocery store, he had extreme difficulty figuring out how to use the automatic doors. When the "in" door did not open to let him out of the store, Metcalf walked right into it. After finally figuring out to use the "out" door, Metcalf staggered to his truck, took off very fast, and proceeded to leave the parking

---

judgment on the basis of those arguments is denied.

**4.** In determining whether a genuine issue of material fact exists, the Court must view the record and all reasonable inferences drawn therefrom in the light most favorable to plaintiff as the nonmoving party. *Spring v. Sheboygan Area School District*, 865 F.2d 883, 886 (7th Cir.1989).

lot out of the south exit even though he was heading north (and shoppers customarily use the north parking lot exit when they are heading north).

Kuntz' "see no evil" defense is not enough in the instant case to establish an absence of actual knowledge of Metcalf's visible intoxication. Plaintiff has provided the Court with sufficient evidence of the circumstances surrounding Metcalf's visit to VBR on the night in question to create a genuine issue of material fact as to whether Kuntz or Cavins had actual knowledge of Metcalf's visible intoxication. The fact-finder must consider the conflicting evidence and make determinations as to credibility and other matters that are inappropriate for the Court to make at this juncture.

### III. Conclusion

For the reasons stated above, the motion for summary judgment of defendant Robert J. Kuntz d/b/a Village Bar and Restaurant is hereby denied. Also, Kuntz' motion to strike the affidavit of Theodore J. Froncek and its attachments and Kuntz' motion to order the filing of certain original depositions (included in Kuntz' designation of evidence) are hereby denied as moot.