**Phyllis HOBBIEBRUNKEN, Individually, and as Mother and Next Friend of Nicholas Hobbiebrunken, Derek Hobbiebrunken and Angela Hobbiebrunken, Appellant,**

v.

**G & S ENTERPRISES, INC., Appellee.**

No. 90–115.

Supreme Court of Iowa.

May 15, 1991.

As Corrected June 21, 1991.

**20**

Jerry C. Estes, Fort Dodge, for appellant.

Thomas A. Skorepa and Frank R. Fuhr of Klockau, McCarthy, Ellison & Marquis, P.C., Rock Island, Ill., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

ANDREASEN, Justice.

This dramshop action arises from a boating accident on Clear Lake in August 1986 in which Douglas Hobbiebrunken was killed. The jury found for the defendant. On plaintiff's appeal, we affirm.

I. *Background.*

The facts in this case are largely uncontested. A little after 10:00 p.m. on Friday, August 16, 1986, Douglas Hobbiebrunken, who had been drinking earlier in the evening, left his home on Clear Lake by boat and went to the Shady Beach Lounge (Shady Beach), also on Clear Lake. While at the Shady Beach, he continued to consume alcohol. Later he offered four female college students a ride in his boat to the Waterfront Lounge (Waterfront). The offer was accepted and at approximately midnight he drove the group by boat to the Waterfront.

While at the Waterfront, Hobbiebrunken ordered a round of drinks for the group. He soon left the table, however, and moved about the room talking to acquaintances. The evidence was unclear as to how much more he had to drink at the Waterfront after the first round, if any. At approximately 1:15 a.m. Hobbiebrunken and the four students got back in the boat to return to the Shady Beach. Soon after leaving the Waterfront, Hobbiebrunken drove the boat into an unlighted dock and was killed. All four women survived. An autopsy revealed that Hobbiebrunken had a blood alcohol level of .382.

Hobbiebrunken's wife, Phyllis Hobbiebrunken, filed suit on behalf of herself and her three minor children against the owner of the Shady Beach and G & S Enterprises, Inc., the owner and operator of the Waterfront. This action was brought under Iowa's dramshop liability statute. Iowa Code § 123.92 (1985), *as amended by* 1986 Iowa Acts ch. 1211, § 12. The owner of the Shady Beach settled with the plaintiff prior to trial and was dismissed from the action. After the jury returned a verdict in favor of the defendant, plaintiff filed a motion for new trial. This motion was denied by the district court. The plaintiff appeals from the court's ruling. Plaintiff claims a new trial was required because of the court's refusal to give a requested instruction, the admission of certain evidence, jury misconduct, and the defendant's failure to disclose a possible witness.

II. *Jury Instruction.*

■ Prior to amendment in 1986, Iowa Code section 123.92 provided:

[e]very ... person who is injured in person or property or means of support ... resulting from the intoxication of any person, has a right of action for all damages actually sustained, severally or jointly, against any licensee or permittee, who sells or gives any beer, wine, or intoxicating liquor to a person while the person is intoxicated....

This section imposed strict liability upon dramshop defendants. *Connolly v. Conlan*, 371 N.W.2d 832, 833 (Iowa 1985). Knowledge of the purchaser's intoxication was not required. *Rigby v. Eastman*, 217 N.W.2d 604, 608 (Iowa 1974). The 1986 amendment abolished strict liability. *Thorp v. Casey's Gen. Stores, Inc.*, 446 N.W.2d 457, 467 (Iowa 1989). Iowa Code section 123.92, as amended, provides:

[a]ny person who is injured in person or property or means of support ... resulting from the intoxication of a person, has a right of action for all damages actually sustained, severally or jointly, against any licensee or permittee, who sold and served any beer, wine, or intoxicating liquor to the intoxicated person when the licensee or permittee knew or should have known the person was intoxicated....

█ The trial court submitted a marshaling instruction that required the plaintiff to prove that the defendant sold and served beer or liquor to Hobbiebrunken when it knew or should have known he was intoxicated. The instruction was basically the uniform "essentials of recovery" instruction. Iowa Civil Jury Instructions 1300.1 (1989). This instruction was requested by the plaintiff. In addition, the plaintiff requested an instruction be given to further explain the terms "knew or should have known" and to instruct the jury of the licensee's affirmative duty to determine the condition of a patron. The requested instruction was as follows:

You are instructed that the term "knew or should have known" as used in Instruction No. ___, means that the liquor licensee must have actual or constructive knowledge of the intoxicated condition of the person served or that he would prob-

ably become so by being served. You are further told, ignorance to his condition is no justification for lack of such knowledge where no effort is made to ascertain the person's condition since the opportunity to do so is the equivalent of knowledge itself. You are further instructed that such licensee, and its employees, must be trained and qualified to recognize intoxicated persons and the signs thereof and must pay attention to the condition of patrons by using their senses and experience to discover an intoxicated condition which is apparent or should be noticed.

You are told that one under a duty of care to ascertain such actual or probable intoxicated condition cannot escape liability by claim of voluntary ignorance.

Instead of the instruction requested by the plaintiff, the court submitted to the jury the following:

You are instructed that the terms "knew or should have known" ... means that the defendant must have actual knowledge or that a reasonably observant person under the same or similar circumstances would have had knowledge.

█ It is reversible error for a court to refuse to give a requested instruction that defines a critical term necessary for resolution of the case. *Dotts v. Bennett*, 382 N.W.2d 85, 90 (Iowa 1986). Iowa law requires a court to give a requested instruction when it correctly states a rule of law having application to the facts of the case and the concept is not otherwise embodied in the other instructions. *Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 868 (Iowa 1989).

Plaintiff asserts that the phrase "knew or should have known" has "acquired a peculiar and appropriate meaning in law," Iowa Code § 4.1(2), and that the court should have instructed the jury accordingly. Plaintiff urges that the phrase's meaning is established by the comment to section 12 of the Restatement (Second) of Torts (1965). Plaintiff also cites sections 343 and 344 of the Restatement, dealing with the duty owed by a possessor of land to an invitee, as supporting her interpreta-

tion of the phrase "knew or should have known."

We are not convinced that the phrase has acquired a peculiar and appropriate meaning in law such that we are precluded from determining for ourselves its meaning in section 123.92. We consider ourselves free to decide the meaning of the phrase as it is used in section 123.92.

We find unpersuasive plaintiff's claim that the phrase creates a duty similar to that owed by a possessor of land to an invitee. If the legislature had intended to impose such an affirmative duty upon dramshop licensees and permittees it would have said so unambigously. When the legislature amended the statute, it imposed upon plaintiffs in dramshop actions the duty to prove the defendant's knowledge of the patron's intoxication. By using the phrase "knew or should have known" the legislature has made it possible for such plaintiffs to use either a subjective or an objective standard in establishing the defendant's knowledge. The district court's instructions adequately explained these standards to the jury. The court was correct in refusing plaintiff's requested instruction.

### III. *Admission of Evidence.*

■ Plaintiff urges that the district court abused its discretion in admitting certain testimony by Janine Alcorn, a waitress at the Waterfront. Plaintiff contends the testimony should have been excluded under rule 403 of the Iowa Rules of Evidence, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. The testimony complained of was that Alcorn tended to avoid Hobbiebrunken as much as possible because he once offered her a drink and asked if she wanted to go for a ride in his Corvette. We cannot say the court abused its discretion in ruling that the probative value of this evidence, bearing on the reasonableness of Alcorn's conduct, was not substantially outweighed by the danger of unfair prejudice.

### IV. *Juror Misconduct.*

■ Plaintiff filed juror affidavits in support of her motion for a new trial. She urges that extraneous prejudicial information was improperly brought to the jury's attention. These affidavits suggest that some members of the jury, after looking at plaintiff's recent tax returns and other financial information, decided that plaintiff and her children would be able to get along without recovery in a lawsuit. The affidavits also indicate that the jury speculated that plaintiff was receiving social security benefits for the children. The affidavits also stated that at least some jurors considered that the Waterfront would have risked losing a good customer if it had refused to serve Hobbiebrunken that night and that he was probably trying to pick up one of the college women. The district court denied the motion for a new trial.

Under rule 606(b) of the Iowa Rules of Evidence, juror affidavits may not be received concerning the jury's deliberations unless it deals with "the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." The key distinction to be made is between the internal workings of the jury and external pressures brought to bear on the decision-making process. *Ryan v. Arneson,* 422 N.W.2d 491, 495 (Iowa 1988). Here, none of the juror conduct of which plaintiff complains involved any extraneous information. Jurors are incompetent to testify to any of the "components of deliberation including juror arguments, statements, discussions, mental and emotional reactions, votes, and any other features of the process occurring in the jury room." *Ryan,* 422 N.W.2d at 495.

### V. *Failure to Disclose Possible Witness.*

■ Among the interrogatories which plaintiff served on defendant before trial was one which asked for the names of "all people who saw and conversed with" decedent on the night of his death and another which asked for the identity of anyone with

knowledge of his consumption of alcohol while at the Waterfront. In its answers to the interrogatories the defendant listed two patrons who were present that night in addition to the four women with whom Hobbiebrunken arrived. Defendant did not list the name of Max Clausen. At trial, Myrna Barlas, the bartender at the Waterfront on the night of the accident, testified that Max Clausen had been present at the bar that night and that he had asked her who Hobbiebrunken was.

Plaintiff does not claim that Clausen conversed with Hobbiebrunken or that he had any knowledge of Hobbiebrunken's consumption of alcohol; thus Clausen did not fall within the categories of persons whose names were requested by the interrogatories. Furthermore, when Barlas testified as to Clausen's presence in the Waterfront that night, plaintiff failed to object or request a continuance so she could depose or subpoena Clausen. Instead, she waited until the jury returned with a defendant's verdict and then raised the issue for the first time in her motion for new trial. By so doing, plaintiff waived her right to complain about the omission. The court correctly denied plaintiff's motion for new trial.

AFFIRMED.