**CORALVILLE HOTEL ASSOCIATES, L.C., Appellant,**

v.

**CITY OF CORALVILLE, Appellee.**

No. 03–2057.

Supreme Court of Iowa.

July 21, 2004.

Steven L. Nelson of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellant.

Dennis W. Johnson of Dorsey & Whitney, L.L.P., Des Moines, for appellee.

STREIT, Justice.

Hotel owners object to a city going into the hotel business in competition with private businesses. In *Fults v. City of Coralville*, 666 N.W.2d 548 (Iowa 2003), we ruled against two property owners who had challenged Coralville's plan to build a hotel and conference center near Interstate 80. Not long after our decision, a group of hoteliers mounted a second challenge to the project, which they contend will illegally compete with their hotels. Because the plain language of Iowa's noncompetition-by-government statute permits a city to enact an ordinance specifically authorizing itself to compete with private enterprise, we affirm the district court's dismissal of the hoteliers' lawsuit.

## I. Facts and Procedural Background

In January 2002, the City of Coralville passed a resolution that provided for the construction of a hotel and conference center as part of an urban renewal project along Interstate 80. Two local property owners brought suit to enjoin the project. Last June, we held the project was a permissible exercise of municipal authority. *See Fults*, 666 N.W.2d at 552–59 (designation complied with Iowa Code chapter 403, and financing did not offend Iowa Const. art. XI, § 3).

The following month, Coralville Hotel Associates, L.C., a local group of hoteliers, brought suit. The hoteliers claimed, in part, that the project violated Iowa Code chapter 23A, insofar as it would put the City[1] in direct competition with private enterprise.[2] The hoteliers pointed out the

---

1. The precise level of involvement of the City is disputed. For the purposes of this appeal, we assume the City will own and operate the hotel and conference center.

2. The hoteliers also claimed the project exceeded the City's home rule authority. *See* Iowa Const. art. III, § 38A; Iowa Code §§ 364.1, 384.24(2) (2003) (setting forth home rule principles and definition of "city enterprise"). The district court dismissed this claim, but the hoteliers did not appeal this issue. We therefore do not discuss it further.

project will contain a hotel, restaurant, and lounge.

In response, the City claimed the plain language of Iowa Code chapter 23A permits a city to compete with private enterprise if an ordinance specifically authorizes it to do so. *See* Iowa Code § 23A.2(1) (2003) (municipalities forbidden from competing with private enterprise "unless specifically authorized by statute, rule, ordinance, or regulation"). Shortly after the hoteliers' lawsuit was filed, the City enacted an ordinance authorizing itself to undertake the project, and, in doing so, compete with private enterprise.[3] The district court agreed with the City and dismissed the case on the City's motion for summary judgment.

The hoteliers appealed. They claim the district court's interpretation of chapter 23A permits cities to eviscerate the purpose of the statute, renders the statute internally inconsistent, and conflicts with our prior rulings.

The City asserts the plain language of the statute countenances its position. In the alternative, the City argues the project falls within three statutory exceptions to the noncompetition-by-government act. *See* Iowa Code §§ 23A.2(10)(a) (exception for "city enterprises"), (b) (exceptions for activities which are or carry out essential or general corporate purposes of a city),

(d) (exception for activities "intended to assist in economic development or tourism").

## II.  Standard of Review

■ A petition seeking injunctive relief for an alleged violation of Iowa's non-competition-by-government act is tried in equity, and therefore our review is generally de novo. Iowa Code § 23A.4; Iowa R.App. P. 6.4; *see, e.g., Net Midwest, Inc. v. State Hygienic Lab.*, 526 N.W.2d 313, 314 (Iowa 1995). Nonetheless,

> we cannot find facts de novo in an appeal from summary judgment. The proper scope of review of a case in equity resulting in summary judgment is for correction of errors of law.

*Koenigs v. Mitchell County Bd. of Supervisors*, 659 N.W.2d 589, 592 (Iowa 2003) (citations and internal quotation omitted).

■ Summary judgment is proper only if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *see, e.g., Delaney v. Int'l Union UAW Local No. 94*, 675 N.W.2d 832, 834 (Iowa 2004). We view the record in a light most favorable to the nonmoving party and "indulge in every legitimate inference that the evidence will bear in an effort to ascer-

---

**3.** In part, Ordinance 2003–979 stated:

WHEREAS, Section 23A.2 of the Code of Iowa allows cities to engage in the offering for sale, rental, leasing, delivery, dispensing, distributing or advertising of goods or services to the public which are also offered by private enterprise if such city is specifically authorized by ordinance; and

WHEREAS, the City of Coralville ... desires to have specific authorization to own, operate, maintain and offer convention center and hospitality services and related facilities in furtherance of the City's economic development objectives. . . .

BE IT ENACTED . . . :

Section 1. The City of Coralville, Iowa, is hereby authorized to own, operate, maintain and offer to the public convention center and hospitality services and related facilities including, but not limited to parking, meeting rooms, conference rooms, exhibit halls, health and recreation facilities, laundry services, ball rooms, restaurants and lounges, catering, concierge services and guest lodging.

Section 2. The authorization granted in Section 1 of this ordinance is hereby declared to be in satisfaction of Section 23A.2 of the Code of Iowa.

. . . .

tain the existence of a fact question." *Crippen v. City of Cedar Rapids,* 618 N.W.2d 562, 565 (Iowa 2000).

### III. Merits

■ Iowa's noncompetition-by-government act provides as follows:

1. A state agency or political subdivision shall not, *unless specifically authorized by* statute, rule, *ordinance,* or regulation:

*a.* Engage in the manufacturing, processing, sale, offering for sale, rental, leasing, delivery, dispensing, distributing, or advertising of goods or services to the public which are also offered by private enterprise unless such goods or services are for use or consumption exclusively by the state agency or political subdivision.

Iowa Code § 23A.2 (emphasis added). Subsequent portions of the act list various exceptions to this general rule. *See, e.g., id.* § 23A.2(10). The district court ruled the plain language of the above-italicized proviso permits a municipality to compete with private enterprise if it enacts an ordinance specifically authorizing itself to do so.

■■ We agree. The language of the statute is precise and unambiguous: if a municipality enacts an ordinance specifically authorizing itself to compete with private enterprise, it may then do so. *Id.* § 23A.2; *see* 1995 Op. Iowa Att'y Gen. 6–1(L) ("Although section 23A.2(1) does not prohibit a county from competing with private enterprise, it does require the adoption of an ordinance to authorize the competitive activity." (Citation and internal quotation omitted.)); 1990 Op. Iowa Att'y Gen. 4–5(L) (same); 1989 Op. Iowa Att'y Gen. 2–3 ("sufficient authorization" to satisfy noncompetition-by-government act where state fair's own rules specifically provided it could run a campground, and

thereby compete with private enterprise). Because it is not disputed that the City has passed such an ordinance, summary judgment in its favor was proper; precise and unambiguous language should be given its plain and rational meaning without resort to the rules of statutory construction. *State v. Green,* 470 N.W.2d 15, 18 (Iowa 1991); *Le Mars Mut. Ins. Co. v. Bonnecroy,* 304 N.W.2d 422, 424 (Iowa 1981); *Palmer v. State Bd. of Assessment & Review,* 226 Iowa 92, 95, 283 N.W. 415, 416 (1939); *see Haywood v. Seeber,* 61 Iowa 574, 576, 16 N.W. 727, 728 (1883). Notwithstanding the plain and unambiguous language of the statute, the hoteliers contend the legislature clearly intended to prohibit competition with private enterprise unless it falls within a specifically enumerated exception. *See, e.g.,* Iowa Code § 23A.2(10) (listing various exceptions to the general rule against competition without specific authorization). The hoteliers claim these exceptions are rendered meaningless if a city can simply pass an ordinance "authorizing" itself to compete with private enterprise.

■ It is true that resort to statutory construction may be had "when absurd consequences or some fatal evil must result from following the plain and unambiguous language of a statute. . . ." *Hahn v. Clayton County,* 218 Iowa 543, 551, 255 N.W. 695, 699 (1934). Such is not the case here, however. The above-italicized proviso does not render the exceptions meaningless; if a municipal activity is excepted from the statute, the municipality need not seek specific authorization. Although it may not be terribly difficult for a city to pass such an ordinance (especially when it has already approved the concomitant project), *specific* authorization—even if self-authorization—does add an additional and legitimate modicum of political accountabil-

ity to municipalities wanting to compete with private enterprise.

While the legislature could have adopted stricter measures against governmental competition with private enterprise, it has not done so. "In construing statutes [we] search[ ] for the legislative intent as shown by what the legislature said, rather than what it should or might have said." Iowa R.App. P. 6.14(6)(*m*); *see State v. Brustkern*, 170 N.W.2d 389, 392 (Iowa 1969) ("[I]t is not for us to speculate as to probable legislative intent apart from the wording used [in the statute]."). Nothing in the legislature's use of the word "authorized" in the plain language of Iowa Code section 23A.2 precludes self-authorization; the statute clearly permits a city to compete with private enterprise if an ordinance authorizes it to do. *Cf. Doherty v. Kansas City Star Co.*, 143 Kan. 802, 57 P.2d 43, 45 (1936) ("The word 'authorized' ... need not have any implication of a grantor and a grantee of power.").

The hoteliers rejoin that another subsection of Iowa's noncompetition-by-government statute lists nine specific circumstances according to which "[t]he state board of regents or a school corporation may, by rule, provide for exemption from [the general prohibition against competition with private enterprise]." Iowa Code § 23A.2(2). The hoteliers contend this subsection is rendered superfluous under the district court's interpretation, because any political subdivision may simply promulgate a rule authorizing itself to compete with private enterprise in any case. To the contrary, this subsection strengthens the City's argument, insofar as it recognizes the principle of self-authorization, not constrained to any specific instances of competition. Even if we were to assume that these two provisions in the statute were ambiguous or in conflict when read as a whole, however, this mere fact would

not void the more general statute, which is at issue in this appeal. *See Midwest Auto. III, L.L.C. v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 425 (Iowa 2002) (where there is an ambiguity due to an irreconcilable conflict between two statutes, the special provision prevails over the general).

Lastly, we reject the hoteliers' claim that the district court's interpretation of Iowa Code section 23A.2 conflicts with our precedents. The hoteliers correctly point out that we have decided several noncompetition cases but have never analyzed whether the political subdivision had promulgated a rule, ordinance, or regulation authorizing itself to compete with private enterprise. They argue our decisions in those cases would have been unnecessary if a political subdivision could simply pass an ordinance to "exempt itself" from chapter 23A. *See, e.g., Crippen*, 618 N.W.2d at 565–67 (recycling services fell within "city enterprises" exception to statute); *Net Midwest, Inc.*, 526 N.W.2d at 314–16 (environmental testing services fell within exception for school's extension mission); *Am. Asbestos Training Ctr., Ltd. v. E. Iowa Cmty. College*, 463 N.W.2d 56, 58–59 (Iowa 1990) (teaching students how to work with asbestos not forbidden). So far as we can tell, however, in no prior case did the political subdivision raise the argument presented in this appeal, and therefore there is no conflict with our precedents. *See Sager v. Farm Bureau Mut. Ins. Co.*, 680 N.W.2d 8, 14 (Iowa 2004) (cases generally decided only on issues raised, argued, and briefed by the parties).

## IV. Conclusion

In sum, we can find no reason why we should depart from the plain and unambiguous language of Iowa Code section 23A.2. That statute clearly permits a city to enact an ordinance specifically authorizing itself to compete with private enterprise. The

City of Coralville passed such an ordinance, and therefore the hotel and conference center project does not violate Iowa's noncompetition-by-government statute. We affirm the district court's dismissal of the hoteliers' lawsuit. Because of our resolution of this case, we need not rule on the City's remaining arguments.

**AFFIRMED.**

All justices concur except LARSON, J., who takes no part.