Edgar Lloyd WARD, as Personal Representative of the Estate of Cecilia Marie Ward, deceased, Appellant–Plaintiff,

v.

D & A ENTERPRISES OF CLARK COUNTY, INC., d/b/a The Keg, Appellee–Defendant.

No. 10A05–9811–CV–538.

Court of Appeals of Indiana.

July 23, 1999.

**729**

Steven A. Gustafson, Nicholas F. Stein, New Albany, Indiana, Attorneys for Appellant.

Richard T. Mullineaux, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

KIRSCH, Judge

In this dram shop action, Edgar Lloyd Ward (Ward), personal representative of the estate of Cecilia Marie Ward, deceased, appeals from the trial court's order granting summary judgment in favor of D & A Enterprises, Inc., d/b/a The Keg (The Keg). On appeal, Ward claims the trial court erred in granting summary judgment when a genuine issue of material facts exists concerning whether The Keg knowingly served Donald Wilson alcohol when he was visibly intoxicated.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to Ward establish that Donald Wilson was a truck driver for Rumpke Waste Removal Systems, a garbage collector and recycling business located in Louisville, Kentucky. While driving his assigned route on the morning of January 24, 1997, Wilson was involved in an auto accident, which resulted in his termination later that day.

Two co-workers present at the time Wilson was terminated testified that he had the smell of alcohol on his breath but did not appear intoxicated. Wilson left Rumpke at approximately 4:30 p.m. and stopped at The Keg where he consumed an unknown amount of alcohol. After leaving The Keg, Wilson drove northbound on Interstate 65. At approximately 5:45 p.m., Wilson struck a car operated by Cecilia Marie Ward, who died as a result of the injuries sustained in the accident. Wilson failed nine field sobriety tests given to him by police at the scene of the accident and registered a .22% blood alcohol content (BAC) on a breathalyzer.

Ward filed suit on behalf of Cecilia Ward's estate alleging that The Keg violated IC 7.1–5–10–15.5 ("Dram Shop Act"). The Keg moved for summary judgment, and the trial court granted its motion. Ward now appeals.

## DISCUSSION AND DECISION

Ward contends that the trial court erred in granting The Keg's motion for summary judgment. He maintains that a reasonable inference can be drawn from the designated evidence that a genuine issue of material fact exists as to whether The Keg knowingly served Wilson alcohol while he was visibly intoxicated.

■ Indiana does not adhere to the federal standard of review in summary judgment matters. "Under Indiana's standard, the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence." *Jarboe v. Landmark Community Newspapers of Indiana, Inc.*, 644 N.E.2d 118, 123 (Ind. 1994). On an appeal from summary judgment, the reviewing court "stands in the shoes of the trial court." *Weida v. Dowden*, 664 N.E.2d 742, 747 (Ind.Ct.App.1996). We must determine if a genuine issue of material fact exists and whether the moving party is entitled to a judgment as a matter of law. *Id.* "The party appealing from the grant of summary judgment has the burden of persuading the reviewing court that the entry of summary judgment was erroneous." *Id.*

■ Under the Dram Shop Act, "in order to hold a provider of alcoholic beverages liable in a civil action for damages caused by the impairment or inebriation of a person who was served alcoholic beverages, the plaintiff must prove the provider's actual knowledge of the intoxication of the person being served." *Jackson v. Gore*, 634 N.E.2d 503, 505 (Ind.Ct.App.1994). Actual knowl-

edge is judged by a subjective standard, and the trier of fact may make reasonable inferences based upon the facts and circumstantial evidence. *Id.* at 506. "Factors which can be considered in determining whether a person was intoxicated to another person's knowledge include . . . the person's condition shortly after leaving." *Booker, Inc. v. Morrill,* 639 N.E.2d 358, 362 (Ind.Ct.App.1994).

 Here, the designated material discloses that Wilson left Rumpke at 4:30 p.m. and did not appear intoxicated. At 5:45 p.m., he was intoxicated and involved in a fatal automobile accident. In the intervening seventy-five minutes, he was at The Keg where he consumed alcohol. Wilson's intoxicated condition at the scene of the accident, his failing nine field sobriety tests, and his blood alcohol level constitute circumstantial evidence from which a reasonable person could infer that Wilson was visibly intoxicated when The Keg served him alcohol and that The Keg did so with actual knowledge of Wilson's intoxication.

The Keg argues that Wilson testified that he consumed only one beer on their premises and "that it is unknown where Wilson consumed sufficient alcohol to register a .22." *Appellee's Brief,* p. 9. Under *Jarboe,* it is The Keg's responsibility as the moving party to establish the non-existence of every material question of fact. *Jarboe,* 644 N.E.2d at 123. Here, as long as "it is unknown where Wilson consumed alcohol sufficient to register a .22," The Keg has failed to meet this responsibility. In the absence of designated evidence that Wilson consumed the alcohol elsewhere, there is a material question of fact as to whether Wilson consumed at The Keg which, on the basis of the designated material, is the only place Wilson drank alcohol. Moreover, when viewed most favorably to the non-moving party, the fact that The Keg served even one beer to a person who shortly thereafter was in a state of serious intoxication gives rise to a question of fact whether Wilson was visibly intoxicated at the time. A genuine issue of material fact pertaining to whether The Keg served Wilson alcohol when it knew him to be intoxi-

cated exists in this case and precludes the granting of summary judgment.

We reverse and remand.

DARDEN, J., and BROOK, J., concur.