**IN THE COURT OF APPEALS OF IOWA**

No. 17-0375
Filed January 10, 2018

**SHELDON WOODHURST and CARLA WOODHURST,**
    Plaintiffs-Appellants,

**vs.**

**DRIFTWOOD, INCORPORATED, a Corporation, d/b/a DRIFTWOOD BAR AND GRILL,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Jackson County, Nancy S. Tabor, Judge.

    Sheldon and Carla Woodhurst appeal the order granting summary judgment in favor of Driftwood Bar and Grill on their dramshop-liability claim. **AFFIRMED.**

    David M. Pillers of Pillers & Richmond, DeWitt, for appellants.

    Thomas Henderson and S. Luke Craven of Whitfield & Eddy, P.L.C., Des Moines, for appellees.

    Considered by Danilson, C.J., and Doyle and Mullins, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

Sheldon and Carla Woodhurst appeal the order granting summary judgment in favor of the Driftwood Bar and Grill (Driftwood) on their dramshop-liability claim, which stems from an incident where David Zabransky shot Sheldon Woodhurst. Zabransky, who had been served liquor at the Driftwood on the night of the shooting, was intoxicated when he shot Sheldon Woodhurst. The Woodhursts claim summary judgment is improper because a fact question exists concerning whether Driftwood employees knew or should have known Zabransky was or would become intoxicated when they served him liquor. Because their argument hinges on a legal inference that is not warranted under the facts of this case, we affirm the grant of summary judgment in favor of the Driftwood.

### I. Background Facts.

The district court found the following facts were undisputed concerning Zabransky's actions on the night in question:

> [Zabransky] and his friend Robert Hochbaum had been duck hunting during the day. At approximately 6 p.m. the two men began drinking first at a private home in Fulton, Illinois. [Zabransky] consumed about three (3) twelve (12) ounce beers there. The men then moved to Manny's Pizzeria in Savanna, Illinois, where Zabransky drank approximately two (2) more beers. Then at about 9:40 p.m. the two went to a private party at the home of Devon Strissel In Illinois. They stayed there until approximately 11:30 p.m. The two then traveled to Iowa and entered the [Driftwood] . . . at approximately midnight. [Zabransky] was served at least one beer there that he paid for and may have drank an additional beer that his friend bought for him. Then, at approximately 12:45 p.m., the two left the Driftwood and went to the Lucky 7 bar . . . . [Zabransky] was served at least one (1) beer at the Lucky 7.

The district court found that Zabransky and Hochbaum arrived at Lucky 7 close to 1:00 a.m. While there, Hochbaum engaged in an argument with Sheldon

Woodhurst's brother, Steven. After the men left, the argument resumed across the street from the bar, and Zabransky shot Sheldon in the stomach. A test administered at 2:15 a.m. showed Zabransky's blood alcohol concentration (BAC) was 181 mg/dl. A test administered at 4:25 a.m. showed his BAC was 124 mg/dl.

The Woodhursts filed a petition alleging assault and battery against Zabransky. They also alleged dramshop liability against the Driftwood.[1] The Driftwood moved for summary judgment, which the district court granted.

After a jury trial, the court entered judgment in favor of the Woodhursts on their assault and battery claims against Zabransky. The Woodhursts then appealed the order granting summary judgment in favor of the Driftwood.

## II. Scope and Standard of Review.

We review an order granting summary judgment for correction of errors at law. *See Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016). To prevail on a motion for summary judgment, the moving party must show the material facts are undisputed and, applying the law to those facts, the moving party is entitled to judgment as a matter of law. *See id.*; *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015). Therefore, our review is limited to two questions: (1) whether there is a genuine dispute regarding the existence of a material fact and (2) whether the

---

[1] The Woodhursts also filed a claim of dramshop liability against Manny's Pizzeria, which was dismissed for lack of personal jurisdiction. *See Woodhurst v. Manny's, Inc.*, No. 12-0317, 2013 WL 1452929, at *1, 3 (Iowa Ct. App. Apr. 10, 2013). After the Driftwood filed a third-party claim against Lucky 7, the Woodhursts amended their petition to assert a dramshop claim against Lucky 7. The district court eventually dismissed the claim against Lucky 7 for lack of timely service. We have deleted Lucky 7 from the caption. Defendant David Zabransky is not a party to this appeal, so we have deleted his name from the caption as well. *See* Iowa R. App. P. 6.109(2) ("Parties not involved in the appeal may be omitted from the caption.").

district court correctly applied the law to the undisputed facts. *See Homan v. Branstad*, 887 N.W.2d 153, 164 (Iowa 2016).

A fact is material if it may affect the lawsuit's outcome. *See id.* There is a genuine dispute as to the existence of a fact if reasonable minds can differ as to how the factual question should be resolved. *See id.* "Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions." *Walker Shoe Store v. Howard's Hobby Shop*, 327 N.W.2d 725, 728 (Iowa 1982).

We review the facts in the light most favorable to the nonmoving party. *See Nelson*, 867 N.W.2d at 6. We draw all legitimate inferences supported by the record in favor of the nonmoving party. *See id.* We also give the nonmoving party the benefit of the doubt when determining whether the grant of summary judgment was appropriate. *See Butler v. Hoover Nature Trail, Inc.*, 530 N.W.2d 85, 88 (Iowa Ct. App. 1994).

**III. Discussion.**

Iowa's Dramshop Act provides that

> [a]ny person who is injured . . . by an intoxicated person . . . has a right of action for all damages . . . against any licensee or permittee . . . who sold and served any beer, wine, or intoxicating liquor to the intoxicated person when the licensee or permittee knew or should have known the person was intoxicated, or who sold to and served the person to a point where the licensee or permittee knew or should have known the person would become intoxicated.

Iowa Code § 123.92(1)(a) (2009). To succeed on his dram shop liability claim, the Woodhursts must show: (1) Zabransky was intoxicated, (2) the Driftwood sold and served Zabransky alcohol, and (3) the Driftwood knew or should have known Zabransky would become intoxicated. *See Smith v. Shagnasty's Inc.*, 688 N.W.2d

67, 72 (Iowa 2004). There is no dispute that there is sufficient proof of the first two elements; Zabransky was intoxicated when he shot Sheldon Woodhurst, and the Driftwood sold and served Zabransky alcohol.

The element at issue concerns whether Driftwood employees knew or should have known that Zabransky would become intoxicated.

> [P]roof of scienter in a dramshop action may be shown by employing "either a subjective or an objective standard in establishing the defendant's knowledge." For example, we have upheld a jury instruction that required the plaintiff in a dramshop action to show "the defendant must have [had] actual knowledge or that a reasonably observant person under the same or similar circumstances would have had knowledge." Insofar as proof of a defendant's subjective intent is pursued, it must be remembered that "[d]irect proof of the intent with which an act was committed is not to be had in many cases, and, when that is true, circumstantial evidence may be sufficient."

*Id.* at 74 (alteration in original) (citations omitted).

A person is intoxicated when "(1) the person's reason or mental ability has been affected; (2) the person's judgment is impaired; (3) the person's emotions are visibly excited; and (4) the person has, to any extent, lost control of bodily actions or motions." *Id.* at 72 (citation omitted). The degree of intoxication is irrelevant; the question is whether intoxicated persons are under the influence of liquor such that they do not act as themselves, are excited from it, and do not possess the clearness of intellect and control that they would otherwise have. *See id.* at 73.

The Woodhursts contend the district court erred in finding no evidence established a factual dispute as to whether the Driftwood knew or should have known Zabransky was intoxicated or would become intoxicated at the time it served him liquor. The Woodhursts argue they are entitled to an inference that the

Driftwood knew or should have known that Zabransky was or would become intoxicated based solely on his intoxication at the time of the shooting and the fact that the Driftwood had served him alcohol. In support of this claim, they cite *Smith v. Shagnasty's Inc*, in which our supreme court found a fact issue had been generated on the question of whether Shagnasty's knew or should have known Doe was intoxicated or would become intoxicated when they served. *Id.* at 75.

In *Shagnasty's*, our supreme court held that a jury could reasonably find that Doe was intoxicated at the time of the attack and Shagnasty's sold and served her alcohol. *Id.* The court rationalized that bearing in mind the "commonsense inference that the solitary beer in Doe's hand at the time of the attack did not solely cause her intoxication," then one could infer that at the time Shagnasty's served Doe that one beer, it knew or should have known Smith was or would become intoxicated. *Id.* The court explained:

> In affording Smith all legitimate inferences, we simply recognize that if (1) one beer does not a drunk make, (2) Shagnasty's sold and served Doe a beer, and (3) Doe was shortly thereafter in a visibly intoxicated condition, then it stands to reason that (4) Doe was also noticeably intoxicated at the time of service. Moreover, if a patron was likely visibly intoxicated at the time of service, a jury could find (5) the bar knew or, at the very least, should have known of her intoxication.

*Id.* It then cited a case in which the Indiana Court of Appeals held that "when viewed most favorably to the non-moving party, the fact that [a bar] served *even one beer* to a person who shortly thereafter was in a state of serious intoxication gives rise to a question of fact whether [the intoxicated person] was visibly intoxicated at the time [of service]." *Id.* (alteration in original) (quoting *Ward v. D & A Enters. of Clark Cty., Inc.*, 714 N.E.2d 728, 730 (Ind. Ct. App. 1999)).

Importantly, our supreme court recognized that "a 'subsequent intoxicated condition inference' might not be appropriate in every case." *Id.* However, the court found it was warranted in *Shagnasty's* "because of the presumably short timeframe between service and the attack: for at the time of the attack, Doe was still in the bar, holding a beer, in a visibly intoxicated state." *Id.*

The district court rejected Woodhursts' argument that the "subsequent intoxicated condition inference" should be afforded here, noting the *Shagnasty's* case indicated its holding was fact specific.

> In that case, the injured party and her friend entered the bar and went into the ladies room. While in there, Doe bumped into her and was loud, obnoxious, and offensive in her language toward the injured party. Doe also bumped into others when she left the ladies room. The injured party left the restroom after Doe and encountered her again immediately upon leaving the restroom. This time Doe had a bottle of beer in her hand. The two woman then had an immediate verbal confrontation which ended in Doe seriously injuring the other woman's face by hitting and cutting her with the beer bottle. The two struggled and the bouncer attempted to break it up. The injured woman had Doe's hair and would not let go until the bouncer agreed that he would detain Doe until the police arrived. The bouncer said he would, and Doe's hair was released. At that time, the bouncer immediately took Doe to the back of the bar and assisted her to leave the establishment before the police arrived.

The district court noted that, in contrast to the *Shagnasty's* case, the Driftwood served Zabransky one beer during the forty-five minutes he was at the Driftwood and there was no evidence Zabransky exhibited any signs of intoxication while there. The court further noted that after leaving the Driftwood, Zabransky went to the Lucky 7 bar where Hochbaum "exhibited signs of intoxication and was loud and obnoxious and got into a verbal confrontation with a patron," while "Zabransky remained calm and quiet throughout the entire confrontation with his friend," did not stagger or slur his words, and was able to follow conversations. It was not until

forty-five minutes after Zabransky went to the Lucky 7 bar that he shot Sheldon Woodhurst. In short, the court held the evidence was uncontroverted that no one at the Driftwood observed any of the "multitude of symptoms" that an expert witness indicated would be "blatantly" and "recognizably" observable in someone who was intoxicated.

On appeal, the Woodhursts do not suggest there is evidence that Zabransky demonstrated any observable signs of intoxication while at the Driftwood. Instead, their sole claim is that the district court erred in failing to apply the "subsequent intoxicated condition inference" set forth in *Shagnasty's* to the present case.

We agree with the district court that the facts of *Shagnasty's* case are sufficiently distinguishable from the facts of the case at bar, and the facts before us do not warrant affording such an inference. Without citing any evidence to suggest the Driftwood knew or should have known Zabransky was or would become intoxicated at the time it served him liquor, we agree no factual dispute exists as to the proof of this element. The Woodhursts have failed to make the requisite showing to survive summary judgment on their dramshop-liability claim against the Driftwood. Accordingly, we affirm the order granting summary judgment in favor of the Driftwood.

**AFFIRMED.**